**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY WICKENKAMP, | No. 12-35724 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00624-MO |
| v. | |
| ANDREW STROTMAN; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Mary Wickenkamp appeals pro se from the district court's judgment in her action alleging illegal wiretapping, slander, and other federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2008), and we affirm.

The district court properly dismissed Wickenkamp's action for lack of personal jurisdiction because Wickenkamp failed to establish that Strotman, a Nebraska resident, and Cline Williams, a Nebraska partnership, had the required minimum contacts with Oregon such that the maintenance of her suit there would not offend due process. *See* Or. R. Civ. P. 4 L; *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (per curiam) (Oregon's long-arm statute allows for jurisdiction over non-residents coextensive with due process requirements); *see also Walden v. Fiore*, 134 S.Ct. 1115, 1121-24 (2014) (discussing "minimum contacts" necessary to create personal jurisdiction).

The district court did not abuse its discretion in denying Wickenkamp's motion for jurisdictional discovery where the facts pertinent to the question of jurisdiction were not controverted. *See Boschetto*, 539 F.3d at 1020 (setting forth standard of review and explaining that district court's refusal to permit jurisdictional discovery "will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

**AFFIRMED.**